Seward, J.
(orally).
The case of Jane J. Baker, plaintiff, against the Fidelity Mutual Life Insurance Co. of Philadelphia, Pa., is submitted upon a demurrer to the answer. It is an action brought to recover on a life insurance policy issued by the defendant on the life-of Mary E. Williams. The petition sets out that Mary E. Williams made application for life insurance and the policy was issued to her, payable to the plaintiff; that the premiums were paid up until October, 1904, I believe it was, at which time the insured died; that the plaintiff is entitled to recover the amount of the policy on the life of her sister, Mary E. Williams; and that after two years the policy was to be incontestible.
An answer is interposed setting up that the plaintiff in the ease had no insurable interest in the life of the insured; that it was a wagering contract and that she had no right to recover.
The defendant claims that some misrepresentations were made as to health of the insured when she applied for the insurance, *384 and that she let the policy lapse by non-payment of premium; that, in order to have it reinstated, she made an application to the company in which she made misstatements as to her health, and it is claimed that that rendered the policy void and that the plaintiff can not recover.
The questions now to be determined upon this demurrer are as to whether this policy was nomcontestible at the death of the insured, and whether the sister had an insurable interest in the life of the insured at the time the policy was issued.
The policy has the following clause written therein:
“After the acceptance of due and satisfactory proof of the fact and cause of the death of Mary E. Williams, of Granville, county of Licking, state of Ohio (the insured under this policy), and of claim hereunto to her sister, Jane J. Baker, or if the insured survive the aforesaid beneficiary, to the administrators, executors or assigns of the insured.”
It is claimed that the plaintiff had no right to procure the insurance. But the plaintiff did not procure it. The application was made by Mary E. Williams herself, and the policy was issued to her, and she had the loss in the policy made payable to her, the plaintiff in the case. The company knew they were issuing the policy to the sister when it was issued. The policy says so. A copy is attached to the petition. It recites the fact that the beneficiary in the policy is the sister. Now, can it be possible that the company can avoid a policy knowingly issued on the life of this lady, Mary E. Williams; make it payable to her sister, Jane Baker; accept the premiums on it and continue to accept them until the death of the insured; cause the policy to be revived, and know that the sister was the party to reap the benefit in case of the death of the insured before the death of the sister? Can it be possible that any such monstrous proposition can prevail in a court of justice ?
Here is this company issuing this policy payable to the sis*ter, and reciting that she is the sister, accepting the premiums, and continuing to accept them until her death, and then coming in and saying that she had no insurable interest. If there is such a proposition in the law as that, this court will let some higher court find it. I think this company is estopped from *385 pleading any such, defense in this action. They have accepted the premium and have continued to accept it, until the policy became void because of non-payment of premium, and then revived it by issuing a certificate to that effect. I can not say that any law of that kind prevails in the state of Ohio.
J. E. Davies, for plaintiff.
Kibler tO Montgomery, for defendant.
There are some respectable authorities that hold that a sister has no insurable interest. There are some authorities that are equally respectable that hold the other way. In the 11th Northeastern Reporter, page 332, it is held that a brother or sister has an insurable interest. The authorities differ on that question. But the court thinks that where an insurance company issues a policy on the life of a sister it ought to be bound by it, and it is bound in equity and good conscience.
It is claimed that the premiums were paid by the plaintiff in the case, and that that vitiated the policy. The court does not think so.
Tt is claimed that when the policy was revived, after it had lapsed by the non-payment of the premium, that the insured made false statements in relation to her health to procure a revivor of the policy; and that the incontestible feature of the policy is not to be held in favor of the insured on account of that. If, in order to get the policy revived after it had become void under its terms by the non-payment of the premium, she made false statements as to the condition of her health at that time, and that was an inducement to revive the policy and put it in force again, the court believes that that would be a good defense to this policy; and the court so holds.
This being a general demurrer, it will have to be overruled. The court holds that if she made any false statements to cause the policy to be revived after it had lapsed, she can not recover, and it would be a good defense to the action.
The demurrer may be overruled for the reason stated.